UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MALONEY SEPT., L.L.C. | CIVIL ACTION |
| VERSUS | NO. 12-2444 |
| HOME DEPOT U.S.A., INC. | SECTION "N" (3) |

### ORDER AND REASONS

Presently before the Court are cross-motions for summary judgment (Rec. Docs. 24 and 32) and Defendant's motion seeking to exclude Plaintiff's expert's report and testimony (Rec. Doc. 25). For the reasons stated herein, **IT IS ORDERED** that Defendant's motion for summary judgment and motion to exclude Plaintiff's expert are **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **GRANTED** relative to liability but **DENIED** as to damages. Considering the upcoming trial date, **IT IS FINALLY ORDERED** that the parties are to promptly confer to determine whether they can reach a stipulation regarding damages, or, in any event, whether that issue can be determined by the Court, without the necessity of trial, following the parties' supplementing their written submissions as necessary.

### Background

During the course of its lease of commercial property owned by Plaintiff, Defendant poured a concrete slab over a portion of the existing asphalt parking lot.[1] The concrete slab was

---

[1] The facility previously was operated as a Kmart store. *See* October 23, 2006 Pre-Acquisition Reconnaissance Site Visit Report ("October 23, 2006 Report") (Rec. Doc. 26-4), p. 3. The lease is dated December 8, 2006. See Rec. Doc. 24-3, p. 3. Defendant installed the concrete overlay in the fall of 2007. *See* Affidavit of Deborah Wold (Rec. Doc. 24-4), ¶¶ 5-7 and attachments

added when Defendant's operation of a "Pro Yard"[2] in the area – involving the use and storage of heavy machinery and construction materials – caused pot holes, sunken spots, and cracks to form in the asphalt.[3] Presently in dispute is whether Defendant is obligated to remove the concrete slab and re-pave the area with asphalt, at the same grade as the remainder of the existing parking lot, such that it is again suitable for parking lot use.[4]

## Law and Analysis

### I. Summary Judgment

#### A. Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts

---

thereto; *see also* Photograph Attachments to March 20, 2013 Report by Alfred R. Blossman, III (Rec. Doc 32-4), pp. 11-15.

[2] The parties refer to a "Pro Yard" as an enclosed area (of approximately 14,000 square feet) where builders and contractors were able to buy large quantities of building materials. Plaintiff, pointing to language in the October 23, 2006 Report, contends that Defendant was aware, when it leased the premises, that the asphalt parking lot might be damaged by the heavy material storage and traffic involved in "Pro Yard" use, but failed to install a "structural concrete pad *on grade*," as suggested in the report, for the parking area "to be adequate" for such use. *See* Rec. Doc. 26-4, p. 3 (emphasis added). Defendant has not disputed Plaintiff's contention that the parking lot was in "good condition" when Defendant took possession of the leased premises. *See* May 7, 2013 Affidavit of Kurt B. Maloney (Rec. Doc. 26-2), ¶4.

[3] *See* Affidavit of Deborah Wold and attached photographs (Rec. Doc. 24-4), ¶¶ 5-7.

[4] The concrete slab is four or five inches higher than remainder of the parking lot and has only two "curb cuts" allowing motor vehicle access to it. As such, everyday use of the area for retail parking is not feasible. Plaintiff additionally maintains that the slab inhibits proper drainage of the parking lot.

are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing

3

*Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. Application**

Applying the foregoing legal principles here, the Court finds no genuine dispute of material fact to exist, and that Plaintiff is entitled to judgment as a matter of law, with respect to the issue of liability. Because Defendant contends that it has not been provided with the documents supporting Plaintiff's damages request, however, the Court declines to enter judgment at this time as to the quantum of damages owed.

The Court's ruling in Plaintiff's favor relative to liability rests, in large part, on the

repair obligation imposed upon Defendant in Section 8.1 of the Lease, which provides:

> 8.1 <u>Tenant's Repairs to Premises</u>. Except as expressly set forth in Section 8.4, Tenant [Home Depot, Inc.] shall maintain the Premises in reasonably good condition and shall be responsible for all repairs to the Premises except repairs or replacements necessitated by damage caused by the willful acts or negligence of Landlord [Maloney Sept, L.L.C.], its employees, agents, and contractors (which repairs may be made by Tenant at Landlord's sole cost and expense. All development and construction on and to the Premises and all maintenance, repair, and other work with respect thereto required hereunder shall be Tenant's sole responsibility and Landlord shall have no obligation with respect thereto, except as may be specifically otherwise set forth in this Lease. [][5]

In short, Defendant's repair obligation was triggered when its "Pro Yard" activities caused damage to the existing asphalt parking lot. Although Defendant could have satisfied its obligation by removing and replacing the damaged asphalt with concrete poured at the same grade as the remainder of the parking lot, as suggested in the October 23, 2006 Report, it did not. In any event, simply covering the damaged asphalt with a slab of concrete that is several inches higher than the remainder of the parking lot, has very limited motor vehicle access, and arguably inhibits drainage of the premises hardly constitutes a reasonable means of satisfying this obligation. Thus, by refusing to remove the concrete slab and restoring the underlying asphalt, prior to surrendering the leased premises to Plaintiff upon the conclusion of the Lease term, Defendant breached the Agreement.

Nor is the Court convinced that the March 6, 2008 Settlement Agreement and Release (the "Agreement") entered into by the parties covers the instant dispute. To the contrary, as drafted, the Agreement applies only to "obligations concerning HD's Building Repairs and/or the Landlord's

---

[5] *See* December 8, 2006 Lease Agreement (Rec. Doc. 24-3), Section 8.1, pp. 11-12.

Parking Loss Claim."[6] As the terms are defined by the Agreement, the concrete slab in question is encompassed by neither the "HD's Building Repairs" or the "Landlord's Parking Loss Claim."[7] Thus, Defendant's argument that Plaintiff's claim is precluded by the Agreement has no merit.

## II.     Motion to Exclude Expert Report and Testimony

The Court likewise rejects Defendant's motion seeking to exclude Plaintiff's expert witness, Alfred R. Blossman, III. The Court, in evaluating the parties' summary judgment motions, and serving as the trier of fact at trial, can consider and give the appropriate weight to the alleged deficiencies and shortcomings identified by Defendant relative to the factual information referenced by Mr. Blossman and the opinions offered by him. Complete exclusion of Mr. Blossman's testimony is unwarranted.

## Conclusion

As stated herein, Defendant's motions are denied, whereas Plaintiff's motion for summary judgment is granted in part and denied in part. Additionally, the parties are to promptly confer in accordance with the Court's instructions relative to the appropriate resolution of the issue of damages.

New Orleans, Louisiana, this 3rd day of July 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[6]     *See* Rec. Doc. 24-3, pp. 1-2 (first unnumbered paragraph, paragraphs A-C, and paragraph No. 2) and p. 3 (paragraph No. 13).

[7]     *Id.*